UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60766-CIV-COHN/SELTZER

AMERIPATH, INC.,

    Plaintiff,

vs.

DR. ROBERT WESLEY WETHERINGTON, et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING AND EXPEDITED BRIEFING SCHEDULE ON PENDING MOTIONS

**THIS CAUSE** is before the Court on Plaintiff's Motion for Immediate Temporary Restraining Order and Expedited Briefing Schedule on Plaintiff's Motion for Preliminary Injunction [DE 8]. The Court has considered the Motion, the record in this case, and is otherwise advised in the premises.

A plaintiff seeking a temporary restraining order under Fed. R. Civ. P. 65(b) must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). The same factors are considered whether deciding a temporary restraining order or a preliminary injunction. Schiavo, 403 F.3d at 1225. In addition, a court may issue a temporary restraining order without written or oral notice to the adverse party only if (1) the movant sets forth specific facts that "clearly show that immediate and irreparable injury, loss or damages will result to the movant before the adverse party

can be heard in opposition;" and (2) the "movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. (b)(1).

In this case, Plaintiff alleges that "Defendants are unlawfully competing against [Plaintiff] and causing irreparable harm." DE 8 at 3. Plaintiff argues that if a temporary restraining order does not issue "Defendants' improper and illegal activities will continue unabated, and [Plaintiff] will suffer additional loss of business and goodwill that cannot be remedied by monetary damages." Id. Plaintiff filed a Motion for Temporary Injunction on April 26, 2010 in state court and that motion was served on Defendants on April 28, 2010. Plaintiff argues that the "sole reason that [Plaintiff] has not yet secured a ruling on its [Temporary Injunction] Motion is that Defendants waited until the day before the scheduled hearing to remove this case to federal court." Id. at 2.

The case was removed to this Court on May 11, 2010. The same day, Defendant Wetherington filed a Motion to Dismiss for Lack of Personal Jurisdiction [DE 3] and a Motion to Transfer Venue or, in the Alternative, Stay Proceedings [DE 4].

The Court recognizes Plaintiff's frustration in light of Defendants' removal prior to the scheduled hearing in state court. Nevertheless, the Court does not find that Plaintiff's motion meets the high burden required for the issuance of a temporary restraining order without allowing Defendants to respond. See Morgan Stanley DW, Inc. v. Frisby, 163 F. Supp. 2d 1371 (N.D. Ga. 2001) (denying motion for temporary restraining order against defendant former employees for allegedly violating a non-solicitation agreement). Moreover, Defendant Wetherington's pending motions also demand consideration prior to the Court making a determination as to whether

2

injunctive relief is appropriate.  Therefore, the Court will deny Plaintiff's request for a temporary restraining order.  The Court will, however, order expedited briefing on the pending motions and hold a hearing at which all such matters will be under consideration.   Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff AmeriPath, Inc's Motion for Immediate Temporary Restraining Order and Expedited Briefing Schedule on Plaintiff's Motion for Preliminary Injunction [DE 8] is **GRANTED in part and DENIED in part**.  Plaintiff's request for a temporary restraining order is denied.

2. A hearing on all pending motions is **SET** for **2:30 p.m. on Friday, May 28, 2010**, in Courtroom 207A, at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida.

3. On or before **Tuesday, May 18, 2010** Plaintiff shall serve copies of this Order upon Defendants and any known counsel for Defendants.

4. On or before **Tuesday, May 25, 2010** (1) Defendants shall file a response to Plaintiff's Motion for Temporary Injunction [DE 1-3]; and (2) Plaintiff shall file its responses to Defendant Wetherington's Motion to Dismiss for Lack of Personal Jurisdiction [DE 3] and Motion to Transfer Venue or, in the Alternative, Stay Proceedings [DE 4].

5. On or before **Wednesday, May 26, 2010** the parties shall file a Joint Notice that estimates the length of the hearing and provides a Witness List identifying any witnesses the parties expect to call at the hearing.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 14th day of May, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF