UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60766-CIV-COHN/SELTZER

AMERIPATH, INC.,

      Plaintiff,

vs.

DR. ROBERT WESLEY WETHERINGTON, *et al.*

      Defendants.

_____/

## STIPULATED ORDER GRANTING TEMPORARY INJUNCTION
## AND RESETTING HEARINGS

By order dated July 27, 2010, this Court lifted the stay previously entered in this action

and scheduled the continuation of the hearing on Plaintiff's Motion for Temporary Injunction as

to Defendant Christian Stevens, and on Defendant Stevens' Motion to Dismiss for Lack of

Personal Jurisdiction for August 5, 2010. It appears to the Court, based on the representation of

counsel for Plaintiff and Defendant Stevens, that the parties to this action are engaged in

settlement negotiations in an attempt to resolve the entire action as to all parties. In light of the

Court's July 27 Order, and in order to facilitate settlement negotiations, Plaintiff and Defendant

Stevens, by and through their respective counsel of record, hereby stipulate to the entry of this

Order granting a temporary injunction and resetting hearings on the terms set forth below.

In light of the foregoing, and good cause having been shown for the entry of this Order,

IT IS HEREBY ORDERED THAT:

1.      The Court shall continue the hearing currently scheduled for August 5, 2010 on

Plaintiff's Motion for Temporary Injunction as to Defendant Stevens, and on Defendant Stevens'

Motion to Dismiss for Lack of Personal Jurisdiction to ~~a date 30 days after the date of entry of~~ *August 26, 2010 at 10:00 A.M.*

~~this Order.~~ A separate order resetting the hearing will follow.

2.      Until the time of the rescheduled hearing referenced in paragraph 1 above,

Defendant Stevens is hereby enjoined from having any business contact whatsoever with any

current or former clients of Plaintiff's Atlanta dermatopathology laboratory (hereinafter the

"Clients").  "Business contact" shall include any verbal, written, electronic, or other manner of

contact or communication with a Client or representative(s) of a Client having the purpose,

effect, or intent of soliciting or performing, either directly or indirectly, any business or service

by or on behalf of any other provider of dermatopathology services, including SkinPath

Solutions, Inc.  "Business contact" shall not include contacts with a Client or representative(s) of

a Client solely for social or personal purposes, and having no business purpose or intent of any

kind.  In the event a Client or representative(s) of a Client either (1) initiates contact with

Defendant Stevens for any business purpose; or (2) brings up a business-related issue during a

social or personal communication, Defendant Stevens shall immediately state that he is

prohibited from having any business contract with any Client or representative(s) of such Client

(or words to that effect) and shall immediately terminate that business communication.

3.      The parties' agreement to the entry of this stipulated Temporary Injunction shall

be without prejudice to any claims, defenses, or other positions that any party might have

relating to the relief requested in Plaintiff's Motion for Temporary Injunction, including

Plaintiff's right to seek different or additional injunctive relief or Defendant Stevens' right to

argue against any further injunctive relief after the expiration of the injunction set forth in paragraph 2 above.

4.     The Court may modify or extend this injunction based on a subsequent agreement between counsel for Plaintiff and Defendant Stevens.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 2ᴺᴰ day of _AUGUST_, 2010.

_____
James I. Cohn
United States District Judge

Copies to:     All counsel of record

- 3 -