UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60766-CIV-COHN-SELTZER

AMERIPATH, INC.

     Plaintiff,

vs.

DR. ROBERT WESLEY WETHERINGTON,
an individual, CHRISTIAN STEVENS, an
individual, and DOES 1-10 inclusive,

     Defendants.

_____/

## ORDER DENYING DEFENDANT CHRISTIAN STEVENS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court on Defendant Christian Stevens' Motion to

Dismiss for Lack of Personal Jurisdiction [DE 28] ("Motion").  The Court has considered

the Motion, Plaintiff's Response in Opposition [DE 48] ("Opposition"), the parties'

related submissions, the evidence and argument presented on May 28, 2010 and

August 26, 2010, the record, and is otherwise advised in the premises.

### I. BACKGROUND

AmeriPath, Inc. ("AmeriPath") is a national provider of pathology-related

diagnostic services to physicians, hospitals, clinical laboratories and surgery centers

across the United States.  In this action, Ameripath alleges that Defendant Christian

Stevens is engaging in unlawful competition with Ameripath in breach of the restrictive

covenants contained in his employment agreement.  Stevens was employed by

AmeriPath as a senior sales manager on or about September 4, 2001 and until he

resigned on April 20, 2010.

AmeriPath's Complaint was filed in state court in Broward County on April 26, 2010. On May 11, 2010, Defendant Wetherington removed the case to this Court. Prior to the filing of this action, there were already two related cases pending in the U.S. District Court for the Northern District of Georgia ("Georgia Actions"). In the Georgia Actions, Wetherington and Stevens each sought injunctive and declaratory relief regarding the validity and enforceability of the covenants set forth in their respective employment agreements. Accordingly, an overlap of facts and legal issues existed between those cases and AmeriPath's allegations in this case.

AmeriPath filed motions to transfer the Georgia Actions to this Court. Pursuant to the first-filed rule, this Court stayed the case before it to allow the Georgia district courts to address AmeriPath's motions. In Georgia, AmeriPath's motion to transfer the Wetherington case was denied; however, the motion to transfer the Stevens case was granted pursuant to an exclusive venue provision in his employment agreement.[1]

Accordingly, on July 23, 2010 AmeriPath moved to lift the stay in this case and proceed against Stevens. The Court granted the motion and reset the hearing on AmeriPath's Motion for Temporary Injunction and Stevens' Motion to Dismiss for Lack of Personal Jurisdiction for August 5, 2010. The Court granted the parties' first request to postpone the hearing to allow the parties to engage in settlement negotiations; the

---

[1]     The provision provides as follows: "This Agreement shall be construed in accordance with the laws of the State of Florida and any proceeding arising between the parties in any manner pertaining or related to this Agreement shall, to the extent permitted by law, be held in Broward County, Florida."

hearing was reset for August 26, 2010.[2] The parties stipulated to a temporary injunction until the hearing. See DE 44.

## II. ANALYSIS

### 1. Stevens' Motion to Dismiss

Stevens filed the instant Motion arguing that he does not have sufficient minimum contacts in Florida that could subject him to personal jurisdiction before this Court. Specifically, Stevens maintains that he has been and remains a resident of Cherokee County, Georgia and for the past six years has worked for AmeriPath in Georgia. See DE 28 at 1. Stevens claims that he does not report to an office in Florida, hardly ever travels there for business purposes and that "[n]ot one of Stevens' customers are located in Florida." Id. Stevens acknowledges the exclusive venue provision in his employment contract, but argues that a "forum selection clause alone is insufficient to establish personal jurisdiction." Id. at 2.

During Stevens' nine years with AmeriPath, he states that he "attended only six sales-related meetings and training sessions in Florida relating to AmeriPath's business, all of which were paid for by AmeriPath." Id. at 3. Nevertheless, Stevens maintains that he did not "travel to Florida to conduct business on behalf of AmeriPath." Id. In addition, he argues that he "reported to many different supervisors while working for AmeriPath, the majority of whom did not reside in Florida." Id. Stevens acknowledges that "he did report to Art Wampole (a Florida resident at all pertinent

---

2      A second request to postpone the August 26, 2010 hearing was denied. See DE 47.

3

times) for a period of time," however, Stevens contends that he "never physically met with Mr. Wampole in Florida for the purpose of 'reporting' to him." Id. at 4.

Stevens points out that AmeriPath is actually registered with the Florida Department of State, Division of Corporations as having its principal place of business in Madison, New Jersey. He also asserts that AmeriPath maintains offices and conducts business across the United States. Stevens also argues that litigating this case in Florida would impose a significant hardship on him.

## 2.    **AmeriPath's Opposition**

AmeriPath argues that there is an ample basis for this Court to exercise personal jurisdiction over Stevens. First, AmeriPath argues that the Court can and should exercise specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(g) because Stevens has breached a contract in this state by failing to perform acts required by the contract to be performed in this state. AmeriPath asserts that among other breaches of his employment agreement, "on April 28 and April 30, 2010, acting on behalf of (and as a participant with) SkinPath Solutions, Inc. ('SkinPath'), a company Wetherington and Stevens formed and operate in direct competition with AmeriPath, Stevens attempted to establish an account with a specialized laboratory in Florida (which, coincidentally, is indirectly owned by AmeriPath) to process medical samples for SkinPath, which processing would, and in at least one case did, divert business from AmeriPath." DE 48 at 2.

Second, AmeriPath contends that Stevens' contacts with Florida are sufficiently substantial, substantive and frequent to confer general jurisdiction over him pursuant to

4

Fla. Stat. § 48.193(2). In this regard, AmeriPath's Opposition sets for the following:

> Stevens, a former Florida resident, initiated his employment relationship
> with AmeriPath with a written application submitted to AmeriPath in
> Florida, ended that relationship with a written resignation transmitted to
> AmeriPath in Florida, and throughout his employment engaged in
> innumerable in-person, telephonic and written communications with
> AmeriPath personnel in Florida. He served as a sales manager of a
> business unit of a Florida-based company, was trained in Florida,
> supervised from Florida, and for the majority of his employment was paid
> from Florida. In connection with his work for AmeriPath, Stevens traveled
> to Florida at least seven times for multi-day business meetings. Stevens'
> contacts with AmeriPath in Florida continued even after his resignation,
> when he attempted on behalf of SkinPath to open an account at an
> AmeriPath facility in Florida.

DE 48 at 2.

Third, AmeriPath points to the exclusive forum provision in Stevens' employment

agreement. "Pursuant to that provision and alternative dispute resolution provisions in

the Stevens Agreement, there is now also pending a separate arbitration between

AmeriPath and Stevens in Broward County, Florida. The arbitration involves claims

distinct from those at issue here that will proceed concurrently with this action. That

arbitration also provides a basis for jurisdiction here." DE 48 at 2.

In addition, AmeriPath argues that "the pendency of Defendant's affirmative

claims against AmeriPath in this Court requires that the instant motion be denied." Id.

at 3. Specifically, AmeriPath argues as follows:

> Subsequent to the filing of Stevens' motion, the United States District
> Court for the Northern District of Georgia (the "Georgia Court") transferred
> to this Court Defendant's anticipatory declaratory judgment action entitled
> Christian O. Stevens v. AmeriPath, Inc., which now bears case number
> 10-cv-61286 (the "Declaratory Judgment Action"). While Stevens
> admittedly did not select this forum when he initially filed the Declaratory
> Judgment Action, he took no steps to dismiss the action for a full month
> after this transfer occurred and in fact, that action is pending as of the
> filing of this Opposition. Stevens has thus elected to pursue the
> Declaratory Judgment Action, in which he affirmatively seeks relief from
> this Court in the form of a declaratory judgment and an injunction.

DE 48 at 3-4. AmeriPath further contends that "by entering into the Stipulation for Temporary Injunction . . ., Defendant agreed to this Court's entry of a temporary injunction against him, and thereby voluntarily submitted himself to this Court's exercise of personal jurisdiction." Id. at 4.

## 3.  **Applicable Law**

A federal court may exercise jurisdiction over a nonresident defendant if: (1) personal jurisdiction is established under the state long-arm statute, and (2) minimum contacts exist so that the exercise of personal jurisdiction over the nonresident satisfies traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. Cable/Home Commc'n Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990). This Court must apply the Florida long arm statute as it anticipates the Florida Supreme Court would. Id. at 856. Further, the Court must strictly construe the long arm statute. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-627 (11th Cir. 1996).

"A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a *prima facie* case of jurisdiction." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). The plaintiff bears the burden of proving "by affidavit the basis upon which jurisdiction may be obtained" only if the defendant challenging jurisdiction files "affidavits in support of his position." Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). "The district court must accept the facts alleged in a complaint as true, to the extent that they are uncontroverted by a defendant's affidavits" and "where a plaintiff's complaint and a defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

6

In addition to satisfying the requirements of a state long arm statute, it must also be shown that the minimum contacts of defendant with the forum state satisfies the following criteria: (1) the contacts are related to the plaintiff's cause of action or have given rise to it; (2) the contacts involve some purposeful availment of the privileges of conducting activities within the forum, thereby invoking the benefits and protections of its laws; and (3) the contacts within the forum state are such that a defendant should reasonably anticipate being haled into court there. Sculptchair, 94 F.3d at 631; Sierra Equity Group Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1225 (S.D. Fla. 2009). The mere existence of a contract with a Florida resident alone does not establish minimum contacts with Florida. Burger King v. Rudzewicz, 471 U.S. 462, 479 (1985).

Next, it must then be determined whether the assertion of personal jurisdiction comports with "fair play and substantial justice." Sierra Equity, 650 F. Supp. 2d at 1226. A district court should consider the following factors in making this determination:

> the burden on the defendant in defending the lawsuit; the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies.

Id. (quoting Burger King, 471 U.S. at 476).

## 4.  Application to Stevens' Motion to Dismiss

The Court finds that jurisdiction is proper under Florida Statutes § 48.193(2),

which provides:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

7

Fla. Stat. 48.193(2).

Florida courts hold that "substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. Autonation, Inc. v. Whitlock, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003) (citing Woods v. Nova Cos. Belize Ltd., 739 So. 2d 617, 620 (Fla. 4th Dist. Ct. App.1999)). The "continuous and systematic" contacts requirement exceeds the constitutional due process requirement of "minimum contacts." Id. Accordingly, if a defendant's activities meet the statutory requirements of § 48.193(2), the minimum contacts standard is also satisfied. Woods, 739 So. 2d at 620.

The Court held an evidentiary hearing on Mr. Stevens' Motion to Dismiss and the evidence regarding Stevens' contacts with Florida revealed the following:

- Mr. Stevens filled out an application and interviewed with AmeriPath in Florida.

- Mr. Stevens signed his employment agreement with AmeriPath in Florida.

- When Mr. Stevens executed his employment agreement, he was aware that AmeriPath was headquartered in Florida.

- The forum-selection clause in Stevens' employment agreement requires disputes to be resolved in Broward County, Florida.[3]

---

[3]     Forum selection clauses do not in and of themselves create personal jurisdiction. See Baker v. Carnival Corp., No. 06-21527, 2006 U.S. Dist. LEXIS 85114, at *18 (S.D. Fla. Nov. 20, 2006) (stating that "Florida law provides that a forum selection clause alone is insufficient to establish personal jurisdiction"). Nevertheless, "such a clause may be considered as a factor that weighs in favor of exercising personal jurisdiction over a nonresident defendant where other grounds exist to exercise such jurisdiction." Hatfield v. AutoNation, Inc., 915 So. 2d 1236, 1243 (Fla. Dist. Ct. App. 4th Dist. 2005); see also Global Satellite Commc'n Co. v. Sudline, 849 So. 2d 466, 469 (Fla. 4th DCA 2003) (stating that "when jurisdiction is based on the breach of a contract in Florida coupled with a Florida venue selection clause, the defendant has given implied consent to personal jurisdiction in the forum State and has, in essence, conceded minimum contacts").

- Mr. Stevens traveled to Florida approximately 7-10 times to attend multi-day meetings in connection with his employment with AmeriPath.

- Mr. Stevens had regular phone and email contact with a supervisor based out of Florida, Art Wampole.

- The restrictive covenants contained in Mr. Stevens' employment agreement cover territory located in Florida.

The Court concludes that the above demonstrates a degree of continuous and systematic business contact with Florida sufficient to allow this Court to exercise personal jurisdiction over Mr. Stevens. See Hatfield v. AutoNation, Inc., 915 So. 2d 1236 (Fla. Dist. Ct. App. 4th Dist. 2005); Whitlock, 276 F. Supp. 2d 1258; AutoNation, Inc. v. Hankins, No. 03-14544, 2003 WL 22852206, at *5-6 (Fla. 17th Cir. Ct. Nov. 24, 2003). Therefore, Stevens' Motion to Dismiss will be denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Christian Stevens' Motion to Dismiss for Lack of Personal Jurisdiction [DE 28] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of August, 2010.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record via CM/ECF