UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60766-CIV-COHN-SELTZER

AMERIPATH, INC.

    Plaintiff,

v.

DR. ROBERT WESLEY WETHERINGTON,
an individual, CHRISTIAN STEVENS, an
individual, and DOES 1-10 inclusive,

    Defendants.

_____/

## ORDER DENYING DEFENDANT DR. ROBERT WESLEY WETHERINGTON'S MOTION FOR COSTS PURSUANT TO 28 U.S.C. § 1920 AND MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Defendant Dr. Robert Wesley Wetherington's Motion for Costs Pursuant to 28 U.S.C. § 1920 [DE 121] ("Motion for Taxable Costs") and Motion for Attorney Fees and Costs [DE 126] ("Motion for Fees and Non-Taxable Costs").  The Court has considered the Motion for Taxable Costs, Plaintiff AmeriPath, Inc.'s ("AmeriPath's") Response [DE 123], Dr. Wetherington's Reply [DE 124], AmeriPath's Surreply [DE 129], and Dr. Wetherington's Last Word Reply [DE 131-1].  The Court has also considered the Motion for Fees and Non-Taxable Costs, AmeriPath's Response [DE 134], Dr. Wetherington's Reply [DE 135], the parties' related submissions, and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On April 26, 2010, AmeriPath filed this action against Defendants Dr. Wetherington and Christian Stevens in state court [DE 1-2 at 4-23].  On May 11,

2010, Dr. Wetherington removed the case to this Court [DE 1].  Meanwhile, Dr. Wetherington and Mr. Stevens had each filed their own declaratory judgment actions in the U.S. District Court for the Northern District of Georgia ("Georgia Actions"). Because the Georgia Actions involved similar factual and legal issues to the instant case, AmeriPath moved to transfer the Georgia Actions here.

On June 11, 2010, this Court entered its Order Staying Action [DE 37], stating, "based on comity and the first-filed rule, this Court will allow the Georgia Actions to make the first move."  Order Staying Action at 5.  Thereafter, the Georgia Court granted AmeriPath's request to transfer Mr. Stevens' case to this Court, but denied AmeriPath's request to transfer Dr. Wetherington's case here.  Accordingly, this Court lifted its stay with respect to Mr. Stevens, but left the stay in place as it pertained to Dr. Wetherington.  See Order Clarifying Stay and Denying Motions [DE 71].

Ultimately, on April 4, 2011, the Court entered summary judgment as to liability against Mr. Stevens [DE 104].  Mr. Stevens and AmeriPath then settled all remaining matters between them [DE 115].  Thereafter, on April 27, 2011, AmeriPath filed a Notice of Dismissal Without Prejudice With Respect to Claims Against Dr. Wetherington [DE 116], pursuant to which the Court dismissed Dr. Wetherington without prejudice [DE 117] ("Order Dismissing Dr. Wetherington").  Mr. Stevens and AmeriPath then filed a Stipulation for Entry of Final Judgment and Order [DE 118] on April 29, 2011, and on May 2, 2011, pursuant to the stipulation, the Court entered Final Judgment [DE 120] in favor of AmeriPath and against Mr. Stevens.

Dr. Wetherington filed his Motion for Taxable Costs on May 27, 2011.  He filed his Motion for Attorney's Fees and Non-Taxable Costs on June 22, 2011.  The Court addresses each motion in turn.

## II. MOTION FOR TAXABLE COSTS

Dr. Wetherington's Motion for Taxable Costs seeks an order taxing costs against AmeriPath in the amount of $1016.00, consisting of $350.00 in filing fees and $666.00 in hearing transcript fees. Mot. for Taxable Costs at 4 ¶¶ 9-11. Specifically, Dr. Wetherington asserts that because he "is the 'prevailing party' in this action, and because the amounts asserted in his Bill of Costs are reasonable and taxable against AmeriPath under 28 U.S.C. § 1920, the Court should award Dr. Wetherington the total amount of his costs - $1016.00." Id. at 4 ¶ 12. AmeriPath does not object to the amount of costs requested. Rather, the parties' dispute centers on whether Dr. Wetherington was the "prevailing party" in this action.

### A. Legal Standard

Federal Rule of Civil Procedure 54(d) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the *prevailing party*." Fed. R. Civ. P. 54(d)(1) (emphasis added). A "prevailing party" is "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001). To determine whether a litigant is a "prevailing party," the Eleventh Circuit applies a two-prong test, requiring "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties." Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (citations and quotations omitted) (following Buckannon, 532 U.S. at 604-05). Under this test, "[g]enerally, voluntary dismissals under Rule 41(a)(1) do not create a prevailing party." Harris v. Captiva Condos., LLC, Case No.

3

6:08-cv-210-Orl-28KRS, 2008 WL 4911237, at *2 (M.D. Fla. Nov. 14, 2008).

### B. Analysis

The Court's Order Dismissing Dr. Wetherington states, "pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), all claims against Defendant Dr. Robert Wesley Wetherington in the above-captioned action are **DISMISSED without prejudice**. This dismissal is limited to this proceeding and does not affect the claims pending between the parties in Wetherington v. AmeriPath, Inc., Case No. 1:10-CV-1108-AT (N.D. Ga.) . . . ." Order Dismissing Dr. Wetherington at 1. This dismissal meets neither prong of the Smalbein test, and the Court finds no other reason to confer prevailing party status upon Dr. Wetherington.

First, Dr. Wetherington has not succeeded in winning any relief on the merits of the claims before this Court. See Smalbein, 353 F.3d at 905. Dr. Wetherington was dismissed not because he prevailed on any claims, but because AmeriPath voluntarily dismissed him without prejudice due to the fact that the parties were litigating their dispute in the Georgia Action. Moreover, the Court's Order Staying Action did not resolve any claims on the merits, but merely stayed any decisions pending the Georgia Court's decisions. See Order Staying Action. Further, though AmeriPath did not obtain the temporary retraining order it requested against Dr. Wetherington, the temporary restraining order was denied not because of any arguments Dr. Wetherington made, but because AmeriPath's motion did not "meet[] the high burden required for the issuance of a temporary restraining order *without allowing Defendants to respond*," Order Denying Plaintiff's Request for Temporary Restraining Order [DE 9] at 2 (emphasis added), and because certain motions that Dr. Wetherington had filed "demand[ed] consideration prior to the Court making a

4

determination as to whether injunctive relief is appropriate," id. at 2-3.  The Court eventually entered temporary injunctive relief against Mr. Stevens, see Stipulated Order Granting Temporary Injunction [DE 44] (against only Mr. Stevens, not Dr. Wetherington), but no such relief was ever entered or finally denied as to Dr. Wetherington.  In sum, Dr. Wetherington did not gain relief on the merits with respect to any of AmeriPath's ultimate claims, AmeriPath's *ex parte* request for a temporary restraining order, or Dr. Wetherington's requests to transfer the case or dismiss the case for lack of personal jurisdiction, nor did he gain any other substantive relief.

Second, this Court's rulings did not result in any judicial *imprimatur* on the change in the legal relationship between AmeriPath and Dr. Wetherington.  See Smalbein, 353 F.3d at 905.  Instead, the Court stayed all such determinations in this case pending the Georgia Court's decisions.  Therefore, because Dr. Wetherington meets neither the merits prong nor the judicial imprimatur prong of the Smalbein test, he is not a prevailing party in this action, and he is not entitled to costs under Rule 54(d).

Dr. Wetherington nonetheless argues that the Court must award him costs as he is a prevailing party because AmeriPath dismissed its claims against him.  Reply in Support of Mot. for Taxable Costs at 8 (arguing, "a defendant is considered a prevailing party where a plaintiff dismisses its claims without prejudice."); see also id. at 7; Mot. for Taxable Costs at 3 ¶ 7.  Yet, Dr. Wetherington's legal authority does not support such a general proposition as applied to this case.  See, e.g., Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001) ("a voluntary dismissal without prejudice under Rule 41(a)(1)(i) *does not deprive a District Court of its authority* to award costs" (emphasis added)); Cantrell v. Int'l Brotherhood of Elec.

Workers, 69 F.3d 456, 458 (10th Cir. 1995) ("when a party dismisses an action with or without prejudice, the district court *has discretion* to award costs to the prevailing party" (emphasis added)); Salazar v. Wells Fargo Bank, N.A., Case No. 09-23809-CV, 2010 WL 5691504, at *7 (S.D. Fla. July 2, 2010) (Report and Recommendation, adopted in applicable part by 2011 WL 379145 (S.D. Fla. Feb. 2, 2011)) (awarding costs to defendant where court dismissed claims due to plaintiff's failure to comply with various court orders, not due to plaintiff's voluntary decision to dismiss defendant); Hendrix v. Evenflo Co., Inc., Case No. 3:07cv133/MCR/EMT, 2007 WL 3520815, at **1, 7 (N.D. Fla. Nov. 14, 2007) (awarding costs to defendant where plaintiffs dismissed claims only after learning that "there was no factual basis for their claims").  In this case, Dr. Wetherington was dismissed voluntarily and without prejudice when the Court had made no determination on the merits of the parties' claims, the Court had only stayed the case procedurally based on principles of comity, and a separate court was adjudicating the parties' dispute.  At the time of dismissal, there was no evidence on the record indicating AmeriPath's claims were meritless or that Dr. Wetherington had otherwise prevailed on any matters before this Court.

     A defendant cannot be considered a prevailing party who deserves an award of costs purely because a plaintiff dismisses its claims against him.  Indeed, Sequa specifically sates, "we disagree with the [district] court's conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties."  Sequa, 245 F.3d at 1037.  To the extent that Dr. Wetherington's authorities stand for the proposition that this Court has discretion to award him costs in this case, the Court declines to exercise this discretion as it finds no reason to award costs.

Additionally, though Dr. Wetherington relies on certain orders from the Georgia Action in his Reply, he concedes in his Last Word Reply that "consideration of developments in the Georgia Action is unnecessary," Last Word Reply at 1.  The Notice of Dismissal specifically states, "This notice of dismissal is *limited to this proceeding* and *does not affect* the claims AmeriPath has asserted against Dr. Wetherington in any other proceeding, including in the [Georgia Action]."  Notice of Dismissal at 1 (emphasis added).  The Order Dismissing Dr. Wetherington similarly limits the dismissal to this action and states it "*does not affect* the claims pending between the parties in [the Georgia Action]."  Order Dismissing Dr. Wetherington at 1 (emphasis added).  Thus, because the Georgia Court's orders are irrelevant to the instant Motion for Taxable Costs, the Court declines to base its ruling on the Georgia Court's orders.

Therefore, because Dr. Wetherington is not the prevailing party in this action, his Motion for Taxable Costs will be denied.  At the same time, nothing in this Court's ruling prevents Dr. Wetherington from seeking taxable costs in the Georgia Action should he prevail there.

### III. MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS

Dr. Wetherington's Motion for Attorney's Fees and Non-Taxable Costs requests an order reimbursing him for reasonable attorneys' fees and non-taxable expenses and costs, plus attorneys' fees incurred in preparing his motion.  Mot. for Fees & Costs at 13-14.  In his Summary of Attorneys Fees and Non-Taxable Expenses and Costs [DE 126-1], Dr. Wetherington calculates his total reasonable attorneys's fees and non-taxable costs to be $80,376.11.

## A. Legal Standard

Florida law governs an award of attorney's fees and non-taxable costs. See Nukote Int'l, Inc. v. Office Depot, Inc., Case No. 09-82363-CIV, 2010 WL 4942838, at **2, 2 n.2 (S.D. Fla. Nov. 30, 2010) (citing Champion Produce, Inc. v. Ruby Robinson Co. Inc., 342 F.3d 1016, 1022 (9th Cir. 2003), and Alhambra Homeowners Ass'n, Inc. v. Asad, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006)). Florida follows the American Rule, providing that a "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975); Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004) ("Under Florida law, each party generally bears its own attorneys' fees . . . ."). However, Florida law also enforces prevailing party clauses in enforceable contracts. Price, 890 So. 2d at 250; see also Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007) (American Rule can be overcome by an "an enforceable contract allocating attorney's fees."). Indeed, "[w]hen the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys fees provision in the parties' contract." Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1321 (11th Cir. 2001) (in case applying Florida law).

## B. Analysis

The parties' employment agreement [DE 1-2 at 25-42] ("Agreement") entitles a prevailing party to attorneys' fees and costs. Specifically, the Agreement provides as follows:

> In any action, suit or proceeding to enforce the terms and conditions of this Agreement, *the prevailing party* shall receive and the unsuccessful party shall pay all costs, fees and expenses, including attorney's costs, fees and expenses, incurred in enforcing its rights under the Agreement, including costs, expenses and fees with respect to trials, appeals and collection.

8

Agmt. ¶ 25 (emphasis added). Therefore, if Dr. Wetherington is indeed the prevailing party within the meaning of Florida law and the contract, then he is entitled to the costs, expenses, and fees incurred in enforcing his rights under the Agreement. Once again, AmeriPath disputes that Dr. Wetherington was a "prevailing party" within the meaning of the Agreement.[1]

Florida law defines "prevailing party" as "the party prevailing on the significant issues in the litigation." Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992); see also Farese v. Sherer, Case No. 00-8950-CIV, 2009 WL 3561968, at **6, 8 (quoting Moritz, 604 So. 2d at 810). As noted above, Dr. Wetherington has not prevailed on any significant issues in the litigation before this Court. See *supra*.

Additionally, the Florida law definition of "prevailing party" mirrors the definition of the term under federal law. See Hensely v. Eckerhart, 461 U.S. 424, 433 (1983) (parties "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation . . ."); see also Herbst v. N. Ocean Condos, L.P., Case No. 08-60869-CIV, 2009 WL 2257827, at * (S.D. Fla. July 29, 2009) ("Florida follows the same standard as enunciated in Hensely . . ."); Sanchez v. Swire Pac. Holdings, Inc., Case No. 09-20235-CIV, 2009 WL 2005272, at *1, 4 (S.D. Fla. July 9, 2009) (holding standard for determining whether a party is a prevailing party under Florida law is the two-prong Smalbein test (citing Smalbein, 353 F.3d at 905)). Therefore, the above analysis finding that Dr. Wetherington was not a

---

[1] AmeriPath also argues that Dr. Wetherington is not entitled to recover fees and costs because his fees and costs were not incurred in enforcing his rights under the Agreement, Mot. for Fees & Costs at 3-8, and even if he were entitled to recover fees and costs, he cannot recover the full amount sought, id. at 18-19. Because the Court finds that Dr. Wetherington was not the "prevailing party" and is therefore not entitled to fees and costs, the Court does not reach AmeriPath's remaining arguments.

prevailing party for purposes of an award of taxable costs also applies with respect to his Motion for Attorney's Fees and Non-Taxable Costs, and his request for fees and costs must therefore be denied.

Further, applicable precedent regarding motions for attorneys fees and costs confirms that Dr. Wetherington is not a prevailing party for attorneys' fees purposes. Florida case law holds that when "there [i]s a voluntary dismissal of a civil lawsuit[, and] no adjudication on the merits by the trial court . . . [t]here is therefore no prevailing party for purposes of an award of attorney's fees." Puig v. Pasteur Health Plan, Inc., 640 So. 2d 101, 102-03 (Fla. Dist. Ct. App. 1994) (applying Florida Statutes § 641.28, which states, "[i]n any civil action brought to enforce the terms and conditions of a health maintenance organization contract, the prevailing party is entitled to recover reasonable attorney's fees and court costs."); see also Farese, 2009 WL 3561968, at *2. Similar to Farese, where there was no prevailing party for purposes of attorneys fees because an action was dismissed to allow the parties to resolve their dispute in a separately pending state court action, and the court did not express any opinion on the merits of the case, Farese, 2009 WL 3561968, at *2, the claims in this case were dismissed while the case was stayed because the dispute was pending before the Georgia Court, and this Court did not express any opinion on the merits of this case. Moreover, in deciding to stay this action, the Court noted, "Significantly, this Court is not dismissing or transferring this action." Order Staying Action at 5. Instead, the Court concluded "only that, based on comity and the first-filed rule, this Court will allow the Georgia Actions to make the first move." Id. Additionally, like Maale v. Kirchgessner, Case No. 08–80131–CIV, 2011 WL 1549058, at *3 (S.D. Fla. April 22, 2011), where dismissing state law claims without prejudice left

the defendants "at least theoretically, at risk that the state law claims may be refiled[, and] [g]iven this risk, the Court [could not] say that Defendants prevailed on the FDUPTA claim to warrant application of its attorney's fee provision," id. at *3, Dr. Wetherington was dismissed from this case without prejudice, meaning that theoretically, AmeriPath could refile its claims against him.

To the extent Dr. Wetherington suggests the Georgia Court's orders or actions have any bearing on this Court's ruling on his Motion for Fees and Non-Taxable Costs in this action, Dr. Wetherington is incorrect. As noted above, it is inappropriate for this Court to consider the events in the Georgia Action when determining whether Dr. Wetherington was a prevailing party in this action.

Therefore, because Dr. Wetherington is not the prevailing party in this action, his Motion for Fees and Non-Taxable Costs will be denied. Yet, once again, nothing in this Court's ruling prevents Dr. Wetherington from seeking reasonable attorneys' fees and non-taxable costs in the Georgia Action should he prevail there.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Dr. Robert Wesley Wetherington's Motion for Costs Pursuant to 28 U.S.C. § 1920 [DE 121] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Dr. Robert Wesley Wetherington's Motion for Attorney Fees and Costs [DE 126] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of August, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF